UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROSE SHEIKH

                           Plaintiff,                          **ORDER**

           -against-                          **03-CV-6236 (NGG) (MDG)**
                                                                 **05-CV-4718 (NGG) (MDG)**

CITY OF NEW YORK, POLICE
DEPARTMENT; CITY OF NEW YORK; NEW
YORK CITY DEPARTMENT OF
CORRECTIONS; and DETECTIVE JOHN
BURGESS, individually and in his official
capacity,

                           Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Rose Sheikh was arrested on four occasions between 1999 and 2002. (Dec. 5, 2008, Mem. & Order (Dkt. 59, No. 03-CV-6236) at 1-8.[1]) The first arrest led to her pleading guilty to a charge of criminal impersonation (id. at 4), while the second and third led to her indictment for grand larceny and forgery, charges that were dismissed following her fourth arrest on a warrant issued in connection with that indictment (id. at 5-8). Thereafter, Plaintiff filed the above-captioned cases, which together asserted various claims under 42 U.S.C. § 1983 and New York law against the City of New York, the New York City Police Department and Department of Corrections, and Detective John Burgess, who arrested her on several occasions and provided evidence against her. (Id. at 2, 4-6.) On December 5, 2008, the court granted Defendants' motion for summary judgment with respect to all claims. (Dec. 5, 2008, Mem. & Order.)

---

[1] All citations refer to the docket in No. 03-CV-6236.

On February 26, 2018, Plaintiff filed a notice of appeal from that order. (Notice of Appeal (Dkt. 61).) Before the court are her motion for extension of time to appeal (("Ext. Mot.") (Dkt. 63)) and her motion for leave to appeal in forma pauperis (("IFP Mot.") (Dkt. 62)). Both motions are meritless.

Under Rule 4 of the Federal Rules of Appellate Procedure, a party in a civil case typically has 30 days to file her notice of appeal after entry of the judgment or order from which she appeals. Fed. R. App. P. 4(a)(1)(A). The district court may briefly extend this deadline, provided that the party seeking the extension both (1) "so moves no later than 30 days after" her time for filing a notice of appeal has expired and (2) "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); see also Fed. R. App. P. 4(a)(5)(C). The court entered the Memorandum and Order from which Plaintiff seeks to appeal in December 2008, so her notice of appeal was due in early January 2009, see Fed. R. App. P. 4(a)(1)(A), and she had until early February 2009 to request an extension under Rule 4(a)(5). Her motion for extension of time to appeal, filed in February 2018, is grievously untimely and therefore denied.

Plaintiff's motion for leave to appeal in forma pauperis is similarly unavailing. Under Rule 24(a) of the Federal Rules of Appellate Procedure, a party seeking leave to appeal in forma pauperis must provide an affidavit that, among other things, "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). Plaintiff has not done so.[2] (Cf. IFP Mot.) Although Plaintiff's Notice of Appeal states that "[t]he case was one of Double [Jeopardy]" (Notice of Appeal (spelling corrected)), this unsworn statement does not satisfy Rule 24(a) because Plaintiff did not subscribe it to be "true under penalty of perjury." 28 U.S.C.

---

[2] The court notes that Plaintiff erroneously submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), AO 240, rather than the Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, Appellate Form 4, http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/appellate-rules-forms.

§ 1746; Fed. R. App. P. 24(a)(1); Stair v. Calhoun, No. 12-CV-6121 (SJF), 2015 WL 1966345, at *1 (E.D.N.Y. May 1, 2015). Even if she had, no appeal would be taken in good faith on these grounds, because Plaintiff never raised a double-jeopardy argument before this court. See 28 U.S.C. § 1915(a)(3).

Plaintiff's Motions for Leave to Appeal In Forma Pauperis (Dkt. 62) and for Extension of Time to Appeal (Dkt. 63) are DENIED. The Clerk of Court is respectfully directed to mail a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at the address listed in her Notice of Appeal.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge